

**Geoffrey Brounell**
212-603-6404 tel
212-379-5243 fax

GeoffreyBrounell@dwt.com

July 1, 2026

*Via ECF*

Honorable Jamel K. Semper
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re:    *Dr. Raynard E. Washington v. The GEO Group, Inc.*, Case No. 2:26-cv-6466-JKS-LDS

Dear Judge Semper:

I represent GEO in the above-captioned litigation and write in response to the Court's June 26, 2026 Text Order.  *See* ECF No. 18.

## I.    Background

Plaintiff brought this lawsuit by way of an emergency motion "to secure immediate entry to Delaney Hall to conduct a full inspection of the premises."  ECF No. 1-1 at ¶ 9.  The Complaint's sole cause of action was "Failure to Permit Full Access for Inspection."  *Id.* at ¶¶ 66-73.  GEO's response was straightforward:  "entry to Delaney Hall" requires ICE's permission according to the law, the governing contract, and the undisputed facts.  *See, e.g.*, ECF Nos. 9-10.  The United States of America agreed.  *See* ECF No. 8.  The Court asked if Plaintiff would amend its Complaint to add DHS, ICE, or its officials.  *See* ECF No. 11.  The State declined.  *See* ECF No. 12.  Plaintiff then filed an overlength brief that addressed this sole decisive issue only in passing—and only by way of adjective—calling it "bizarre" but otherwise not addressing in any substance.  *See* ECF No. 14 at 11-12 (dedicating less than a page to this point in a 45+ page brief).  Buried in a footnote, however, Plaintiff conceded that "the State has reached out to ICE to request permission to complete a full health code inspection of the facility as soon as is practicable.  The State and ICE are now in active discussions, with an inspection currently scheduled for June 24."  *Id.* at 10 n.15.

On June 24, 2026, the Court held that "Plaintiff must amend its complaint to join DHS, ICE, or its officials as defendants on or before Monday, June 29, 2026" or the complaint would be dismissed.  ECF No. 16.  On June 29, 2026, Plaintiff amended its Complaint and added those defendants.  *See* ECF No. 20.  The Amended Complaint continues to assert just one count—"Failure to Permit Full Access for Inspection"—and still insists that "relief can and should be effectuated by GEO alone."  *Id.* at ¶¶ 83-89.  The Complaint does request, however, "[i]n the alternative, if the Court deems it necessary for the Order to run against all Defendants to effectuate relief," an order "directing all

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

July 1, 2026
Page 2

Defendants to permit Plaintiff and his delegates full access to Delaney Hall for purposes of inspection." *Id.* at 19.

## II.    The June 24 Inspection

The State has not been shy about its goal: "shut[ting] down" Delaney Hall.  ECF No. 10 at 13.  To state the obvious: if a town's mayor articulates in advance that they wanted to "shut down" a restaurant before even conducting an inspection, what should that restaurant owner expect when that town's health department actually conducts the inspection?

Precisely what happened here.   Plaintiff's letter to the Court reads like an extension of its press release, *see* Press Release, ICYMI: Governor Sherrill, Attorney General Davenport, Health Commissioner Issue Statement After Health Inspectors Are Prevented from Conducting a Full Inspection Health, https://www.nj.gov/health/news/2026/approved/20260624a.shtml, a hearsay document that contains numerous mischaracterizations.  As a matter of black-letter law, however, none of the information contained in that letter can be considered in connection with Plaintiff's pending motion for emergency relief.  *See* Federal Rule of Civil Procedure 65(b)(1)(A) (requiring "specific facts in an affidavit or verified complaint").

But even if it could be considered by the Court to resolve any legal issue, Plaintiff's version of events *does not make note of any issues requiring emergency relief.*  What started as a case about detainees "being fed food that is rotten, spoiled, or infested with worms (when served food at all)," ECF No. 1-1 at ¶ 39, has now transformed into a case about the failure to "complete the follow-up" to a "Conditionally Satisfactory" inspection of Delaney Hall's retail food establishment, ECF No. 17 at 3.  None of the issues identified by Plaintiff in its letter come close to meeting the standard for emergency injunctive relief.  That was true when the State's concerns were based on biased media reports.  It is even more true now that the State's concerns are based on its own, multiple inspections conducted to date.  *See* ECF No. 10 at 35-38.[1]

The June 24, 2026 inspection conducted by Plaintiff's Department took nearly two hours.  Plaintiff acknowledges that it inspected two areas "to its satisfaction": "the waste disposal area and the barber shop."  ECF No. 17 at 2.  Plaintiff previously conducted an inspection of Delaney Hall's "retail food."  *See* ECF  No. 9-3.  GEO has not been notified of any emergency issues resulting from these completed inspections to date.  As noted, the retail food inspection resulted in a "Conditionally Satisfactory" rating.

As for the rest, Plaintiff complains that the inspection was "limited."  Delaney Hall is an active detention center, which had nearly 100 detainees arriving on the date of the June 24 inspection.  It is not feasible or practical for an inspection of all areas involved in medical care to be fully completed under these circumstances.[2]  If this were not a hot political issue, the State would request

---

[1] Additionally, and as previously reported, on June 8, 2026, ICE granted Governor Sherrill access to tour Delaney Hall.   *See*  Secretary  Markwayne  Mullin  (@SecMullinDHS),  X  (June  8,  2026,  at  10:11  PM), https://tinyurl.com/m3p2xm58.

[2] Entirely separately, GEO opposes any "questioning" of its staff beyond what would be permitted by the Federal Rules of Civil Procedure given that there is a pending lawsuit between the parties regarding this very issue.  New

July 1, 2026
Page 3

permission to access Delaney Hall and come back on another day to resume and potentially complete the inspection—not issue press releases and continue to seek judicial relief on an emergency basis against the wrong party.

Regardless, for all of the reasons previously set forth in this litigation, any complaints about the scope of the inspection—or requests for additional inspections, or additional materials—should be directed toward ICE. And that is apparently what is occurring (again). As set forth by the United States of America, ICE has already conveyed to Plaintiff that any follow-up requests for written materials or further access to the facility must be submitted in writing to ICE, using the same procedures as the initial request. *See* ECF No. 19. Plaintiff—without notifying undersigned counsel or GEO—apparently made that request on June 26, 2026. *See id.* GEO has no additional information regarding the status of this request. This process should play out as it would in the regular course. If, at the end of the inspections, the State remains dissatisfied, it can pursue whatever relief on whatever basis it deems appropriate at that time. In the meantime, the motion for emergency relief should be denied.

Finally, in regard to the Court's request that GEO "submit to this Court an egress map of Delaney Hall": no such document exists. There is a fire evacuation map posted through the Delaney Hall facility, which would have been plainly visible and readily accessible to the inspectors during the June 24 inspection. In light of this, GEO assumes that the fire evacuation map is not what Plaintiff is complaining about in its letter.

Respectfully submitted,

Davis Wright Tremaine LLP

*s/ Geoffrey S. Brounell*

CC: All Counsel of Record (*via ECF*)

---

Jersey has not identified any statutory authority that would permit it to unilaterally, without counsel present, and without limitation "question" employees of a company in these circumstances.